**Donald MACDONALD, Plaintiff–Appellants,**

**v.**

**PACIFIC EMPLOYERS INSURANCE COMPANY, Defendant–Appellee.**

No. 02–3942.

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2003.

David A. Kulwicki, Kathryn Regnery-Vadas, Becker & Mishkind, Cleveland, OH, for Plaintiff–Appellants.

Michael L. Golding, Moscarino & Treu, Cleveland, OH, Steven J. Forbes, Norchi & Associates, Beachwood, OH, for Defendant–Appellee.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.[*]

## OPINION

ROGERS, Circuit Judge.

Appellant Donald MacDonald appeals from the district court's grant of summary judgment in favor of appellee Pacific Employers Insurance Company ("Pacific"). In the district court, MacDonald asserted a claim against his employer's insurance company under the Supreme Court of Ohio's holding in *Scott–Pontzer v. Liberty Mutual Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999). MacDonald maintains in this appeal that the district court lacked subject matter jurisdiction because of the provision of 28 U.S.C. § 1332(c)(1) and that it should have remanded the matter to the state courts. He further asserts that the district court erred in determining, as a matter of Ohio law, that his employer was a "self-insurer," and, therefore, that Pacific was not liable under the auto insurance policy it sold to MacDonald's employer. Each of MacDonald's claims is untenable.

MacDonald first asserts that the district court lacked subject matter jurisdiction because 28 U.S.C. § 1332(c)(1) strips a district court of its diversity jurisdiction where "in any direct action against the insurer of a policy of a contract for liability insurance." We addressed this question directly in *Lee–Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 900 (6th Cir.2003). In that case, we explained that § 1332(c)(1) is inapplicable where the plaintiff asserts a cause of action under the *Scott–Pontzer* case. Therefore, the district court correctly found that it had subject matter jurisdiction.

Moreover, we affirm the district court's grant of summary judgment in favor of Pacific because the Supreme Court of Ohio limited the *Scott–Pontzer* doctrine in its recent decision in *Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1264, 65 (2003). In that case, the court explained that *Scott–Pontzer* does not enable a plaintiff to assert a claim against his employer's uninsured or underinsured motorist coverage unless his injuries occurred within the scope and course of employment. In this case, there is no indication that MacDonald was acting in the scope and course of his employment when his auto accident occurred. Therefore, his claim must fail.

For the foregoing reasons, we affirm the judgment of the district court.